UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JOHN RAINEY and DORIA RAINEY,

       Plaintiffs,                                    Case Number 11-12520
                                                              Honorable David M. Lawson

v.

U.S. BANK NATIONAL ASSOCIATION, as
Trustee for JPMORGAN MORTGAGE
ACQUISITION TRUST 2006-NC1 and CHASE
HOME FINANCE LLC,

       Defendants.

_____/

**ORDER DENYING PLAINTIFFS' MOTION TO ACCEPT LATE RESPONSE AND
BRIEF OPPOSING DEFENDANTS' MOTION TO DISMISS**

      The matter is before the Court on the plaintiffs' motion to accept late answer and brief opposing the defendants' motion to dismiss. The defendants filed a motion to dismiss on June 17, 2011, and the plaintiffs' response was due on or before July 8, 2011. The plaintiffs failed to respond timely and now ask the Court to accept their response more than three months after the deadline.

      The Court may extend the deadline for responding to a motion if "good cause" is shown. Fed. R. Civ. P. 6(b); E.D. Mich. LR 1.2. Requests for enlargement of time should be supported by a showing of good cause. *See United States ex rel. Kalish v. Desnick*, 765 F. Supp. 1352, 1355 (N.D. Ill. 1991) (construing "good cause" showing required by government to obtain extension under 31 U.S.C. § 3730(b)(3)). A party shows good cause by demonstrating a "reasonable justification" for its failure to complete the requested task within the time prescribed. *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (construing "good cause" for failure to present new evidence in prior Social Security proceeding under 42 U.S.C. § 405(g)). It may do so by advancing

specific facts which describe the magnitude of the undertaking, the time available for completion, and circumstances which would prevent a reasonable person from performing within the time allowed by a statute or court rule. *Kalish*, 765 F. Supp. at 1354. Generalizations and conclusory allegations will not suffice. *Ibid.*

Plaintiffs' counsel admits that he failed to "see" the defendants' motion to dismiss until after the response deadline because he failed to update his e-mail address with the Court. As plaintiffs' counsel points out, the Eastern District of Michigan's Electronic Filing Policies and Procedures requires attorneys to "maintain[ ] valid contact information in his . . . ECF Registration account profile. When a user's contact information changes, the user must promptly update his . . . ECF Registration account profile. . . . Electronic service upon an obsolete e-mail address will constitute valid service if the user has not updated the account profile with the new e-mail address." E.D. Mich. Electronic Filing Policies and Procedures, Rule 3(c).

Additionally, in this district, movants must seek concurrence in the relief requested before filing a motion for relief in this Court. E.D. Mich. LR 7.1(a). To meet that requirement, Local Rule 7.1(a)(2) explains that there must be "a conference between the attorneys . . . in which the movant explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought." LR 7.1(a)(2)(A). If a conference was not possible, then the counsel for the movant must certify that "despite reasonable effort *specified in the motion or request*, the movant was unable to conduct a conference." LR 7.1(a)(2)(B). Plaintiffs' counsel made no apparent attempt to conduct a conference as required by the Local Rules. His actions suggest that the only way plaintiffs' counsel has honored the Local Rules is in their breach.

Rather than submitting the past-due response or requesting an extension immediately upon discovering his tardiness, plaintiffs' counsel turned to other matters that, apparently, he deemed more pressing. Now, less than two weeks before oral argument on the defendants' motion, plaintiffs' counsel moves the Court for an extension. As mentioned above, the Court must find good cause to grant an extension of time, and the normal press of business certainly does not rise to that standard. Plaintiffs' counsel has presented no reason why a responsible lawyer could not have performed as the Local Rules expect in similar circumstances.

Although the Court has not been ready to consider the defendants' motion because the press of its own business, the Court finds no reason to depart from its standard practice, described in detail on the Eastern District of Michigan's website. United States District Court, Eastern District of Michigan, Judge David Lawson's Motion Practice, *available at* http://www.mied.uscourts.gov/judges/guidelines/topic.cfm?topic_id=175. "Attorneys who do not respond to motions in a timely fashion are not permitted to argue before the Court during oral argument." *Ibid.* The Court will not strike the plaintiffs' response, but it will not allow the plaintiffs to make affirmative oral argument. However, plaintiffs' counsel is expected to attend the oral argument and be prepared to answer any questions that might arise.

Accordingly, it is **ORDERED** that the plaintiffs' motion to accept late answer and brief opposing the defendants' motion to dismiss [dkt. #11] is **DENIED**.

                                                           s/David M. Lawson
                                                           DAVID M. LAWSON
                                                           United States District Judge

Dated:   October 18, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 18, 2011.

        s/Deborah R. Tofil
        DEBORAH R. TOFIL