UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JOHN RAINEY and DORIA RAINEY,

        Plaintiffs,                                Case Number 11-12520
                                                               Honorable David M. Lawson

v.

U.S. BANK NATIONAL ASSOCIATION, as
Trustee for JPMORGAN MORTGAGE
ACQUISITION TRUST 2006-NC1 and CHASE
HOME FINANCE LLC,

        Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on the defendants' motion to dismiss. Defendant U.S. Bank National Association, as Trustee for JPMorgan Mortgage Acquisition Trust 2006-NC1, foreclosed a mortgage by advertisement on property owned by the plaintiffs. The plaintiffs filed suit roughly a year after the foreclosure sale, alleging, among other things, that the defendants failed to comply with the requirements of Michigan's foreclosure by advertisement statutes. The defendants now move the Court to dismiss the plaintiffs complaint, arguing that the plaintiffs lack standing to assert their claims and are guilty of laches. The Court has reviewed the pleadings and motion papers and finds that the papers adequately set forth the relevant facts and law and oral argument will not aid in the disposition of the motion. Therefore, it is **ORDERED** that the motion be decided on the papers submitted. *See* E.D. Mich. LR 7.1(f)(2). The hearing previously scheduled for October 26, 2011 is **CANCELLED**. For the reasons discussed below, the Court will deny the defendants' motion.

I.

For the purpose of this motion, the facts are not in dispute.  On February 1, 2006, the plaintiffs borrowed $288,000 from non-party New Century Mortgage Corporation and executed a promissory note to repay the loan, which they secured with a mortgage on residential property located in Canton, Michigan (the "Property").  On December 3, 2007, U.S. Bank National Association acquired the mortgage via an assignment, which was recorded with the Wayne County, Michigan register of deeds on December 13, 2007.  On November 6, 2008, U.S. Bank, as Trustee for JPMorgan Acquisition Trust 2006-NC1 ("U.S. Bank, as Trustee"), acquired the mortgage via an assignment, which was recorded with the register of deeds on November 12, 2008.

The plaintiffs defaulted on their obligations under the note, and U.S. Bank, as Trustee, began foreclosure proceedings on the plaintiffs' mortgage on October 13, 2008.  Foreclosure by advertisement notices were published in the Detroit Legal News on October 13, October 20, October 27, and November 3, 2008.

On April 7, 2010, U.S. Bank, as Trustee, purchased the Property at a Sheriff's sale for $147,120 and received a Sheriff's deed.  The redemption period expired on October 7, 2010.  The plaintiffs did not redeem the property during the redemption period.

On May 5, 2011, the plaintiffs filed suit in the Wayne County, Michigan circuit court against U.S. Bank, as Trustee, and Chase Home Finance LLC to quiet title to the Property and for other equitable relief.  The plaintiffs allege that the defendants' notice of foreclosure by advertisement is defective because (1) it failed to identify the foreclosing party, and (2) the assignment from U.S. Bank National Association to the foreclosing assignee, defendant U.S. Bank, as Trustee, was executed after defendant U.S. Bank as Trustee published all four notices of foreclosure by

-2-

advertisement in violation of Michigan Compiled Laws § 600.3204(1)(d).  The defendants removed the case on June 10, 2011.

## II.

## A.

"A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists."  *Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007) (citing *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004)).  The defendants argue that the Court does not have jurisdiction because the plaintiffs lack standing.

Standing is required in order to confer subject matter jurisdiction upon federal courts under Article III of the Constitution.  It is "the threshold question in every federal case."  *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  The Supreme Court has stated that the standing requirement "limits federal court jurisdiction to actual controversies so that the judicial process is not transformed into 'a vehicle for the vindication of the value interests of concerned bystanders.'"  *Coal Operators & Assocs., Inc. v. Babbitt*, 291 F.3d 912, 915-16 (6th Cir. 2002) (quoting *Valley Forge Christian College v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 473 (1982)).  There are three constitutional requirements for standing.  *See McConnell v. Fed. Election Comm'n*, 540 U.S. 93, 225-26 (2003); *City of Cleveland v. Ohio*, 508 F.3d 827, 835 (6th Cir. 2007).  "To establish Article III standing, a litigant must show (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) that the injury will likely be redressed by a favorable

-3-

decision." *Barnes v. City of Cincinnati*, 401 F.3d 729, 739 (6th Cir. 2005) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

In addition to the constitutional requirements, a plaintiff must also satisfy three prudential standing requirements. *See City of Cleveland*, 508 F.3d at 835. First, a plaintiff must "assert his own legal rights and interests, and cannot rest his claim for relief on the legal rights or interests of third parties." *Warth*, 422 U.S. at 499 (citations omitted). Second, a plaintiff's claim must be more than a "generalized grievance" that is pervasively shared by a large class of citizens. *Coal Operators*, 291 F.3d at 916 (citing *Valley Forge*, 454 U.S. at 474-75). Third, in statutory cases, the plaintiff's claim must fall within the "zone of interests" regulated by the statute in question. *Ibid.* "These additional restrictions enforce the principle that, 'as a prudential matter, the plaintiff must be a proper proponent, and the action a proper vehicle, to vindicate the rights asserted.'" *Coal Operators*, 291 F.3d at 916 (quoting *Pestrak v. Ohio Elections Comm'n*, 926 F.2d 573, 576 (6th Cir. 1991)).

The defendants, relying on *Overton v. Mortgage Electronic Registration Systems*, No. 284950, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009), argue that the plaintiffs do not have standing because they no longer retain a legal interest in the subject property because the redemption period has expired. There is no merit to that argument. First, the defendants' argument relies on an incorrect notion of standing. District Judge Robert Jonker, in *Langley v. Chase Home Finance LLC*, No. 10-604, 2011 WL 1130926, at *2 n.2 (W.D. Mich. Mar. 28, 2011), aptly explained the defendants' mistake:

> Many Defendants suggest the basis for the ruling in *Overton* is a lack of Plaintiff's standing once the redemption period expires, but the Court of Appeals does not actually say this. Nor would it seem like Article III standing could possibly be in doubt. After all, the Plaintiffs in such cases are the last lawful owner and possessor

-4-

of the property. Moreover, they often remain in continuing possession of the property notwithstanding any Sheriff's sale and expiration of a redemption period. Moreover, Plaintiffs in such cases claim a continuing right to lawful ownership and possession based on defects in the process used by Defendants to divest them of those rights. This certainly seems to satisfy the basic Article III requirement of "injury in fact," as well as any prudential considerations tied to a "zone of interests" analysis. Indeed, it is hard to imagine a person with a better claim to standing to challenge the process at issue. Of course, having standing to bring a claim does not mean you have a valid claim on the merits. That is a different question. *Overton* is best viewed as a merits decision, not a standing case.

*Langley*, 2011 WL 1130926, at *2 n.2.

Second, "[t]he [Michigan] Supreme Court has long held that the mortgagor may hold over after foreclosure by advertisement and test the validity of the sale in the summary proceeding." *Manufacturers Hanover Mortgage Corp. v. Snell*, 142 Mich. App. 548, 553, 370 N.W.2d 401, 404 (1985) (citing *Reid v. Rylander*, 270 Mich. 263, 267, 258 N.W. 630 (1935); *Gage v. Sanborn*, 106 Mich. 269, 279, 64 N.W. 32 (1895)). "Otherwise, the typical mortgagor who faces an invalid foreclosure would be without remedy, being without the financial means to pursue the alternate course of filing an independent action to restrain or set aside the sale." *Ibid.* (citing *Reid*, 270 Mich. at 267, 258 N.W. 630; 16 Michigan Law and Practice, Mortgages, § 174, pp. 438-39).

The defendants' standing argument must be rejected. The plaintiffs allege continuing ownership of the Property, Compl. ¶ 7, and satisfy the constitutional and prudential standing requirements. There is no question that the plaintiffs have standing to bring their claims.

B.

Rule 12(b)(6) authorizes dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in

the complaint are taken as true." *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001)

(citing *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993)).

Under Rule 12(b)(6), the complaint is viewed in the light most favorable to plaintiffs, the

allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor

of plaintiffs. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). "[A]

judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual

allegations." *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228 (6th Cir. 1997) (quoting *Columbia

Nat'l Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "However, while liberal, this

standard of review does require more than the bare assertion of legal conclusions." *Ibid.*; *Tackett

v. M & G Polymers, USA, L.L.C.*, 561 F.3d 478, 488 (6th Cir. 2009).

> To survive a motion to dismiss, [a plaintiff] must plead 'enough factual matter' that,
> when taken as true, 'state[s] a claim to relief that is plausible on its face.' *Bell Atl.
> Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007). Plausibility requires showing
> more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to
> relief. *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009).

*Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010). "Where a complaint pleads facts

that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility

and plausibility of 'entitlement to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*,

550 U.S. at 557).

Under the new regime ushered in by *Twombly* and *Iqbal*, pleaded facts must be accepted by

the reviewing court but conclusions need not be unless they are plausibly supported by the pleaded

facts. "[B]are assertions," such as those that "amount to nothing more than a 'formulaic recitation

of the elements'" of a claim, can provide context to the factual allegations, but are insufficient to

state a claim for relief and must be disregarded. *Iqbal*, 129 S. Ct. at 1951 (quoting *Twombly*, 550

-6-

U.S. at 555).  However, as long as a court can "'draw the reasonable inference that the defendant is liable for the misconduct alleged,' a plaintiff's claims must survive a motion to dismiss." *Fabian*, 628 F.3d at 281 (quoting *Iqbal*, 129 S. Ct. at 1949).  Assessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings.  *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010).

Consideration of a motion to dismiss under Rule 12(b)(6) is confined to the pleadings.  *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008).  "[A] court may accept 'matters outside the pleadings,' but in doing so it generally must treat the motion 'as one for summary judgment under Rule 56.'"  *Ibid.* (citing Fed. R. Civ. P. 12(d)).  However,

> documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss.  In addition, when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment.

*Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-336 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); *see also Koubriti v. Convertino*, 593 F.3d 459, 463 n.1 (6th Cir. 2010). Even if the plaintiff does not directly refer to given documents in the pleadings, if those documents govern the plaintiff's rights and are necessarily incorporated by reference then the motion need not be converted to one for summary judgment.  *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (holding that plan documents could be incorporated without converting the motion to one for summary judgment even though the complaint referred only to the "plan" and not the accompanying documents).  In addition, "a court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment."  *Northville Downs v. Granholm*, 622 F.3d 579 (6th Cir. 2010) (citing *Commercial Money Ctr., Inc.*, 508 F.3d at 335-336).

The defendants attached several documents to its motion to dismiss, including the mortgage and the December 3, 2007 assignment of mortgage, both of which the plaintiffs refer to in the complaint and are central to their claim.  In accordance with *Weiner* and *Northville Downs*, the Court need not convert the defendants motion to dismiss into a motion for summary judgment.

1.

Foreclosure sales by advertisement are governed by statute.  *Senters v. Ottawa Sav. Bank, FSB*, 443 Mich. 45, 50, 503 N.W.2d 639, 641 (1993).  "Once the mortgagee elects to foreclose a mortgage by this method, the statute governs the prerequisites of the sale, notice of foreclosure and publication, mechanisms of the sale, and redemption."  *Ibid.* (citing Mich. Comp. Laws § 600.3201 *et seq.*).  Section 600.3204 provides that "a party may foreclose a mortgage by advertisement if all of the following circumstances exist:

> (a) A default in a condition of the mortgage has occurred, by which the power to sell became operative.
> (b) An action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage; or, if an action or proceeding has been instituted, the action or proceeding has been discontinued; or an execution on a judgment rendered in an action or proceeding has been returned unsatisfied, in whole or in part.
> (c) The mortgage containing the power of sale has been properly recorded.
> (d) The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.

Mich. Comp. Laws § 600.3204(1).  "If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage."  Mich. Comp. Laws § 600.3204(3).

-8-

Mortgagees seeking to foreclose by advertisement must publish notice of their intent to do so "for 4 successive weeks at least once in each week, in a newspaper published in the county where the premises included in the mortgage and intended to be sold . . . are situated." Mich. Comp. Laws § 600.3208. They must also post a true copy "in a conspicuous place upon any part of the premises described in the notice" "within fifteen days after the first publication of the notice." *Id.* That notice must include:

> (a) The names of the mortgagor, the original mortgagee, and the foreclosing assignee, if any.
> (b) The date of the mortgage and the date the mortgage was recorded.
> (c) The amount claimed to be due on the mortgage on the date of the notice.
> (d) A description of the mortgaged premises that substantially conforms with the description contained in the mortgage.
> (e) For a mortgage executed on or after January 1, 1965, the length of the redemption period as determined under section 3240.

Mich. Comp. Laws § 600.3212.

If the mortgagor fails to redeem the foreclosed property within six months of the date of sale, the deed of sale "shall . . .become operative, and shall vest in the grantee therein named . . . all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter." Mich. Comp. Laws § 600.3236. The validity of a foreclosure sale, even if it allegedly violates one of section 600.3204's requirements, cannot be challenged if the "mortgagor failed to challenge the foreclosure by advertisement during the redemption period or any proceedings seeking an order of eviction, or if the foreclosed property has been sold to a bona fide purchaser." *Richard v. Schneiderman & Sherman, P.C.*, --- N.W.2d ---, 2011 WL 3760862 (Mich. Ct. App. 2011) (there were no page numbers). The defendants' argument addresses only one of those contingencies: the failure to attack the validity of the foreclosure sale during the redemption period.  the defendants have not alleged that eviction proceedings have occurred or that the Property

-9-

was sold to a bona fide purchaser. Presumably, therefore, the plaintiffs' opportunity to challenge the foreclosure sale remains.

The plaintiffs' lawsuit focuses on section 600.3204(1)(d)'s requirement that the party foreclosing the mortgage must either own the indebtedness or an interest in the indebtedness secured by the mortgage or be the servicing agent of the mortgage. The Michigan Court of Appeals has held that foreclosure proceedings initiated before the assignment of the mortgage is complete are void *ab initio*. *Davenport v. HSBC Bank USA*, 275 Mich. App. 344, 347-48, 739 N.W.2d 383, 385 (2007); *see also Dawson v. Indymac Federal Bank FSB*, No. 297709, 2011 WL 2557616, at *1 (Mich. Ct. App. June 28, 2011).

In *Davenport*, the defendant bank published the first notice of its intent to foreclose by advertisement several days before it actually acquired its interest in the indebtedness. *Davenport*, 739 N.W.2d at 345, 739 N.W.2d at 383. The defendant bank argued that it was not obliged to comply with section 600.3204(1)(d) because it had satisfied section 600.3204(3)'s record chain-of-title requirement. *Id.* at 346, 739 N.W.2d at 384. The court reasoned:

> We do not read subsection 3 as allowing a successor mortgagee to disregard the requirements of subsection 1 for foreclosing by advertisement simply because the successor expects to have achieved a perfect chain of title by the time of sale. Subsection 1(d) plainly requires that a party own the indebtedness or an interest in the indebtedness before undertaking to foreclose a mortgage by advertisement. Accordingly, defendant was not eligible to commence the foreclosure when it did so because it did not yet own the indebtedness.

*Id.* at 346-47, 739 N.W.2d 384. The court distinguished the defendant's failure from a run-of-the-mill notice requirement, noting that a failure to satisfy section 3204's requirements was

> a structural defect that goes to the very heart of defendant's ability to foreclose by advertisement in the first instance. [The Michigan] Supreme Court has explicitly held that "[o]nly the record holder of the mortgage has the power to foreclose" under MCL 600.3204. *Arnold v. DMR Financial Services, Inc. (After Remand)*, 448 Mich.

671, 678, 532 N.W.2d 852 (1995). . . . Because defendant lacked the statutory authority to foreclose, the foreclosure proceedings were void *ab initio*.

*Id.* at 347-48, 739 N.W.2d at 384-85.

The defendants argue that there is no support in Michigan statutory or case law for the plaintiffs' contention that an assignment of mortgage must be recorded prior to the first publication of a notice of foreclosure. The defendants further argue that compliance with section 600.3204(3) excuses compliance with section 600.3204(1)(d)'s requirement. The defendants' arguments, however, collide with clear precedent. *Davenport* plainly deals with nearly identical operative facts. The Michigan Court of Appeals has made clear that the assignment of a mortgage must be recorded prior to the first publication of a notice of foreclosure, and that a failure to do so renders the foreclosure not just voidable, but void *ab initio. Davenport*, 739 N.W.2d at 347-48, 739 N.W.2d at 384-85.

The defendants' argument, which relies on *United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997), that the foreclosure sale should not be set aside because the plaintiffs have failed to identify any significant error or defect in the sale, misses the importance that the *Davenport* Court gives to a structural defect in a foreclosure by advertisement. The plaintiffs do not need to identify any additional significant error or defect. The defendants began foreclosure by advertisement without the statutory authority to do so. That fact alone is enough.

## 2.

Under Michigan law, the affirmative defense of laches requires proof of "a lack of due diligence on the part of the plaintiff resulting in some prejudice to the defendant." *Gallagher v.*

-11-

*Keefe*, 232 Mich. App. 363, 369, 591 N.W.2d 297, 300 (1998); *see also Brown v. State of Michigan,*

*Dept. of Military Affairs*, 386 Mich. 194, 199, 191 N.W.2d 347, 350 (1971).  The doctrine reflects

"'the exercise of the reserved power of equity to withhold relief otherwise regularly given whether

in the particular case the granting of such relief would be unfair and unjust.'"  *Lothian v. Detroit,*

414 Mich. 160, 168, 324 N.W.2d 9, 14 (1982) (quoting Walsh, Equity, § 102, p 472).  The Sixth

Circuit recently elaborated on the concept of laches:

> In this circuit, laches is understood to be "a negligent and unintentional failure to
> protect one's rights." *Elvis Presley Enters., Inc. v. Elvisly Yours, Inc.*, 936 F.2d 889,
> 894 (6th Cir. 1991).  "A party asserting laches must show: (1) lack of diligence by
> the party against whom the defense is asserted, and (2) prejudice to the party
> asserting it." *Herman Miller, Inc. v. Palazzetti Imports and Exports, Inc.*, 270 F.3d
> 298, 320 (6th Cir.2001).  Thus:
>
>> [L]aches does not result from a mere lapse of time but from the fact
>> that, during the lapse of time, changed circumstances inequitably
>> work to the disadvantage or prejudice of another if the claim is now
>> to be enforced.  By his negligent delay, the plaintiff may have misled
>> the defendant or others into acting on the assumption that the plaintiff
>> has abandoned his claim, or that he acquiesces in the situation, or
>> changed circumstances may make it more difficult to defend against
>> the claim.
>
> 11A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and
> Procedure § 2946 at 117 (2d ed.1995) (quoting de Funiak, Handbook of Modern
> Equity § 24 at 41 (2d ed.1956)).

*Chirco v. Crosswinds Communities, Inc.*, 474 F.3d 227, 231 (6th Cir.2007).

Relying on *Jackson Investment Corp. v. Pittsfield Products, Inc.*, 162 Mich. App. 750, 413

N.W.2d 99 (1987) and *Ursery v. Option One Mortgage*, No. 271560, 2007 WL 2192657 (Mich. Ct.

App. July 31, 2007), the defendants argue that the plaintiffs claims should be dismissed because they

are guilty of laches.

In *Jackson*, the plaintiff waited until five months after the foreclosure sale to bring a claim contesting the sale's validity based on the fact that the date of the sale occurred five days earlier than statute allowed. *Jackson Investment*, 162 Mich. App. at  752, 413 N.W.2d at 100.  To cure the defect, the circuit court extended the redemption period by forty-three days. *Id.* at 757, 413 N.W.2d at 102.  At no time during the extended redemption period did the plaintiff take any steps to redeem the property at issue. *Ibid.*  The trial court held, and the Court of Appeals affirmed, that the plaintiff was therefore guilty of laches, and refused to invalidate the Sheriff's sale. *Ibid.*

In *Ursery v. Option One Mortgage*, the plaintiff, who had executed a 30-year adjustable rate note secured by a mortgage, defaulted, and the assignee of the note foreclosed the mortgage and purchased the property at the Sheriff's sale. 2007 WL 2192657, at *1, *6.  The plaintiff did not seek to redeem the property, but thereafter filed suit.  The court reasoned that because the plaintiff did not challenge the acceleration, foreclosure, sale, and Sheriff's Deed until after the six-month redemption period (after title had vested in the assignee), he was guilty of laches. *Id.* at *9 (citing *Sanderson v. Ressler*, 223 Mich. 232, 193 N.W. 829 (1923); *Jackson*, 162 Mich. App. at 752-53)).

The defendants' argument that these plaintiffs are guilty of laches fails for three reasons. First, *Jackson* and *Ursery* are easily distinguishable: both cases involved a defective notice, not a structural defect that rendered the foreclosure void *ab initio.*  Second, to succeed on a laches claim, the party asserting it must show that it has been prejudiced. *Herman Miller, Inc.*, 270 F.3d at 320; *Eberhard v. Harper-Grace Hosps.*, 179 Mich. App. 24, 38, 445 N.W.2d 469, 475 (1989) ("A passage of time combined with prejudice to [the party] is an essential prerequisite to invoking laches.").  The defendants have not alleged any prejudice.  Third, the passage of time alone is

-13-

2:11-cv-12520-DML-RSW   Doc # 16   Filed 10/25/11   Pg 14 of 14   Pg ID 239

insufficient to establish laches; the defendants must show a lack of due diligence on the part of the plaintiffs, *Eberhard*, 179 Mich. App. at 38, 445 N.W.2d at 475, which they have not done.

### III.

The plaintiffs have standing to bring their claims; their complaint states claims upon which relief can be granted; and the defendants have failed to establish the laches defense as a matter of law.

Accordingly, it is **ORDERED** that the defendants' motion to dismiss [dkt. #5] is **DENIED**.

It is further **ORDERED** that the hearing scheduled for October 26, 2011 at 4:00 p.m. is **CANCELLED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   October 25, 2011

<div style="border:1px solid">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 25, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL

</div>

-14-